**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Louis Alfonso KREZDORN,**
**Defendant–Appellant.**

No. 07–50735
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 6, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Robert Garza, Del Rio, TX, for Defendant–Appellant.

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Louis Alfonso Krezdorn appeals his 33–month sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

for conspiring illegally to access federal interest computers for private financial gain. He contends that the district court erred in applying a sentencing adjustment for obstruction of justice. We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. Gonzalez,* 445 F.3d 815, 817 (5th Cir.2006).

Even if Krezdorn were correct, the adjustment for obstruction of justice would be proper with respect to the bribery convictions from related case no. 2:04–CR–290 (bribery case), with which the instant offense was grouped for sentencing purposes and which formed the basis for the sentence in this case. He did not contend that the obstruction adjustment was erroneous in the bribery case, and we have already affirmed the sentence in that case. *United States v. Krezdorn,* —— Fed.Appx. ——, ———–——, 2007 WL 3230409, at *1–2 (5th Cir. Oct. 31, 2007). Thus, even if the adjustment for obstruction of justice were not properly applicable to the instant offense of conviction, the sentencing calculus under the applicable grouping provisions would not be affected. *See* FED. R.CRIM.P. 52(a).

AFFIRMED.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.